UNITED STATES of America, Plaintiff–Appellee,

v.

James Douglas SMITH, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

James Douglas Smith, Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

James Douglas Smith, Defendant–Appellant.

Nos. 06–4358, 06–4359, 06–4360.

United States Court of Appeals, Fourth Circuit.

Argued: Nov. 29, 2006.

Decided: Dec. 29, 2006.

**ARGUED:** Michael Allen Meetze, Assistant Federal Public Defender, Office of the Federal Public Defender, Florence, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Office of the United States Attorney, Florence, South Carolina, for Appellee. **ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, for Appellee.

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Vacated and remanded by published opinion. Judge MOTZ wrote the opinion, in which Judge WIDENER and Judge NIEMEYER joined.

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

James Douglas Smith, convicted of five counts of bank robbery, challenges his sentence on two grounds. He asserts that the district court erred in (1) failing to sentence him at the lowest end of the applicable United States Sentencing Guidelines range; and (2) imposing the condition that its sentence run consecutively to any future, not-yet-imposed sentence. Although the district court did not err in failing to sentence Smith at the lowest end of the applicable guidelines range, it did err in attempting to impose a sentence consecu-

tively to future sentences. Because the court did not have authority to require that its sentence run consecutively to any future sentence, we vacate and remand for resentencing.

## I.

In 2005, Smith pleaded guilty to five counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2005). The Presentence Investigation Report calculated Smith's guidelines range as 84–105 months on each of the counts. At sentencing, the district court concluded that Smith's extensive criminal record warranted an upward departure under U.S.S.G. § 4A1.3 (2005) to the resulting guidelines range of 151–188 months. The court then sentenced Smith to 180 months on each of the five counts, with the sentences to run concurrently. The court also ordered that the sentence imposed "will be consecutive to any other sentence imposed in any other case, or on any other probation revocation or whatever." Smith appeals from the district court's order imposing a 180–month sentence on each count, and directing that the 180–month sentences run consecutively to any other sentence.

## II.

Smith contends that this court's holding in *United States v. Green*, 436 F.3d 449, 457 (4th Cir.2006)—that sentences within a properly calculated guidelines range are "presumptively reasonable"—requires that a district court always sentence a defendant to the lowest term within the relevant guidelines range. Accordingly, Smith maintains that the district court erred when it sentenced him to 180 months instead of 151 months, which was the lowest possible sentence in the applicable guidelines range of 151–188 months.

In *Green*, we also instructed district courts to consider the factors set forth in 18 U.S.C. § 3553(a)(2006) when imposing a sentence. *Id.* at 455. That provision requires that a court "impose a sentence sufficient, but not greater than necessary," to achieve the sentencing goals outlined in the statute. 18 U.S.C. § 3553(a). Smith reads *Green's* "presumptively reasonable" holding in tandem with this portion of § 3553(a) to require district courts to sentence defendants to the lowest end of the applicable guidelines range. Smith argues that under *Green* all of the available sentences within a properly calculated guidelines range are presumptively reasonable. Thus, according to Smith, the lowest sentence within the presumptively reasonable range is "sufficient" to comply with § 3553(a)'s sentencing goals, and all other sentences within the range are "greater than necessary" and therefore unreasonable.

Smith's argument, while clever, has no merit. The holding in *Green* that a sentence within the properly calculated guidelines range is presumptively reasonable does not mean that the sentencing judge must conclude that the lowest possible sentence within that range is actually sufficient to satisfy § 3553(a)'s goals. Rather, *Green* requires a district court to calculate the appropriate guidelines range, and then to consider the factors outlined in § 3553(a) to determine which sentence within that range, if any, is sufficient, but not greater than necessary, to comply with § 3553(a). Smith's argument thus rests on a logical fallacy: the fact that a sentence at the lowest end of the guidelines range could be reasonable if the sentencing judge concluded it was sufficient does not mean that the sentencing judge must conclude that it *is* sufficient. It is the sentencing judge who must initially determine what is sufficient. To hold that the lowest sentence in an applicable guidelines range is

always sufficient would rob § 3553(a) of its force.

■ Here, the district court properly followed the methodology we articulated in *Green:* it calculated the proper guidelines range; considered the § 3553(a) factors; concluded that an upward departure better served the relevant sentencing purposes set forth in § 3553(a); and then articulated its reasons for selecting the 180–month sentence. It explained, "I've chosen this particular point based on the nature of the conduct in regards to these five charges and as well, based on the prior record of this defendant." The district court properly followed *Green* and Smith's sentence of 180 months was reasonable.

### III.

■ Smith also contends that the district court erred when it ordered that "the sentence [it] imposed in this case based on these five convictions will be consecutive to any other sentence imposed in any other case, or on any other probation revocation or whatever." At the time of Smith's sentencing in the District of South Carolina, he had a pending supervised release violation in the Eastern District of North Carolina. However, no sentence had been imposed in that proceeding, nor was Smith subject to an undischarged sentence in any other state or federal proceeding. Thus, the district court's order that its sentence run consecutively to "any other sentence in any other case" can only apply to a future, not-yet-imposed sentence. According to Smith, the district court did not have authority to order that its sentence be consecutive to any future sentence. We agree.

■ Whether the district court had this authority is a question of statutory construction, which we review *de novo. See Holland v. Pardee Coal Co.,* 269 F.3d 424,

430 (4th Cir.2001). The statute in question, 18 U.S.C. § 3584 (2005) states:

(a) **Imposition of concurrent or consecutive terms.**—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(b) **Factors to be considered in imposing concurrent or consecutive terms.**—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

The plain language of this statute does not grant a district court authority to order that its sentence run consecutively to a future sentence. Rather, the statute gives a court power to determine whether a sentence will "run concurrently or consecutively" only when a defendant is (1) sentenced to "multiple terms of imprisonment ... *at the same time,*" or (2) *"already subject* to an undischarged term of imprisonment."  18 U.S.C. § 3584(a) (emphasis added).

■ Because the district court in this case sentenced Smith to multiple terms of imprisonment for bank robbery at the same time, it had authority under § 3584(a) to run the five sentences for bank robbery consecutively or concurrent-

ly. However, the statute does not permit the court to decide whether any future sentence would be consecutive or concurrent to those five sentences. Rather, when sentences are imposed at different times, § 3584(a) only authorizes a court to determine whether a sentence should be consecutive or concurrent if the defendant is *"already* subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a) (emphasis added). Another sentence must exist at the time a district court imposes its sentence; a court cannot impose its sentence consecutively to a sentence that does not yet exist.

The better-reasoned cases from our sister circuits have reached the same conclusion. *See Romandine v. United States,* 206 F.3d 731, 738 (7th Cir.2000) (holding that " § 3584(a) allows the district judge to specify the sequence of service [of terms of imprisonment] only when sentences are imposed at the same time, or the other sentence is 'an undischarged term of imprisonment' to which the defendant is 'already subject' "); *United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir.1998) (holding that " § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence"); *United States v. Clayton,* 927 F.2d 491, 492 (9th Cir.1991) ("[A]s a matter of statutory construction, we interpret the 'already subject to' provision of section 3584(a) as only granting federal courts the power to sentence consecutive to a *previously* imposed term of imprisonment." (emphasis added)).

Nevertheless, the Government argues to the contrary by pointing to the presumption in the last sentence of § 3584(a): "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The Government contends that this presumption means that, unless a district court orders otherwise, a sentence will run consecutively to *any* sentence imposed at a "different time[ ]," even one imposed in the future. According to the Government, the statutory presumption thus indicates that a sentence can be imposed consecutively to a future nonexistent sentence. *See* Brief of Appellee at 10–11. In *United States v. Williams,* 46 F.3d 57, 58–59 (10th Cir.1995), the Tenth Circuit relied on similar reasoning to hold that § 3584(a) permits a federal court to order a sentence "to run consecutively to [any state sentence in] any case then pending in Arkansas or Oklahoma." *

This interpretation ignores the limiting language contained in the statute: the presumption only applies when a defendant is "already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). Thus, the presumption does not take effect unless a court imposes a sentence *after* a defendant is already subject to an undischarged term of imprisonment. It cannot apply *before* a defendant has received some unknown future sentence, as suggested by the Government. *See Quintero,* 157 F.3d at 1040 (" 'As defendant was neither subjected to multiple terms of im-

---

* The Government also relies on other cases holding that a federal district court has authority to order that its sentence run consecutively to an unimposed future *state* sentence. *See United States v. Andrews,* 330 F.3d 1305, 1307 (11th Cir.2003); *United States v. Mayotte,* 249 F.3d 797, 799 (8th Cir.2001); *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir.1991); *Salley v. United States,* 786 F.2d 546, 547 (2d Cir.1986). Because none of these cases fully considers the plain language of § 3584, we do not find them persuasive. Moreover, since these cases do not involve a federal judge potentially abrogating the future sentencing authority of another federal judge, their holdings do not address the precise problems in this case. However, we note that their holdings might implicate equally serious federalism concerns.

prisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.' ") (*quoting McCarthy v. Doe*, 146 F.3d 118, 121–22 (2d Cir. 1998)).

Moreover, the Government's interpretation of § 3584(a) would put that section at odds with the remainder of the statute. Section 3584(b) directs a district court, when "determining whether the terms imposed are to be ordered to run concurrently or consecutively," to consider "the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Section 3553(a), in turn, requires a court to consider, *inter alia,* "the nature and circumstances of the offense," "adequate deterrence to criminal conduct," and "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). Only a court that sentences a defendant already subject to an undischarged term of imprisonment could properly consider whether a consecutive or concurrent sentence best serves the goals of § 3553(a), as only that court knows the circumstances attending the later sentence.

Finally, the Government's interpretation would place one federal court in the position of abrogating the sentencing authority of another. If a judge were permitted to impose a sentence consecutive to a future unimposed sentence, the judge in the later case, who concluded after properly weighing the § 3553(a) factors that a concurrent sentence was appropriate, would be left with the Hobson's choice of either ignoring his own judgment or disobeying the order of another district court. Congress could not have intended this result when it enacted § 3584. Our conclusion that the district court did not have authority to require that its sentence be consecutive to

any later sentence not only comports with the plain language and structure of § 3584, but also avoids this undesirable practical outcome.

## IV.

For the foregoing reasons, we conclude that the district court did not err in failing to impose a sentence at the lowest end of the guidelines range, but did err in ordering Smith's sentence to be served consecutively to any future sentence that Smith might receive. Accordingly, we vacate Smith's sentence and remand for sentencing consistent with this opinion.

*VACATED AND REMANDED.*