IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10139

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORIO QUINTANA-GOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The question presented is whether the district court plainly erred by ordering that its sentence run consecutively to a not-yet-imposed sentence pending in another federal court. We hold that the district court erred but that this error was not plain. AFFIRMED.

I.

Gregorio Quintana-Gomez (Quintana) pled guilty to illegal reentry after deportation. The United States District Court for the Northern District of Texas (Northern District Court) sentenced Quintana to fifty-seven months of imprisonment. The Northern District Court further ordered that Quintana's fifty-seven-month sentence run consecutively to any federal sentence that might

be imposed for a violation of supervised release, pending in the United States District Court for the Southern District of Texas (Southern District Court). Subsequently, the Southern District Court revoked Quintana's supervised release and sentenced him to six months of imprisonment. However, the Southern District Court ordered that Quintana's six-month sentence run concurrently with the fifty-seven-month sentence previously imposed by the Northern District Court.

II.

Quintana contends that the Northern District Court did not have authority to order that its sentence run consecutively to an anticipated but not-yet-imposed federal sentence. Quintana argues that 18 U.S.C. § 3584 restricts a district court's authority in this regard, as the statute gives a court power to order that its sentence will "run concurrently or consecutively" only when a defendant is (1) sentenced to "multiple terms of imprisonment . . . at the same time," or (2) "already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a) (emphasis added).[1] Quintana directs this court to persuasive

---

[1] Section 3584 provides, in relevant part:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being

authority that supports his argument.  See United States v. Smith, 472 F.3d 222 (4th Cir. 2006).

The Government argues that the issue presented  is controlled by United States v. Brown, 920 F.2d 1212 (5th Cir. 1991) (per curiam), abrogated on other grounds, United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).

### III.

We review questions of statutory construction de novo.  United States v. Orellana, 405 F.3d 360, 365 (5th Cir. 2005).  But our review here is for plain error only, as Quintana did not raise this issue before the district court.  FED. R. CRIM. P. 52(b); United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007).  To obtain relief, Quintana must show:  (1) error; (2) that is plain (clear or obvious); and (3) that affects his substantial rights.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  If this showing is made, the decision to correct the forfeited error is then within this court's sound discretion, which will not be exercised unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. at 732 (alteration in original) (citation and quotation marks omitted).  We thus turn to apply the plain error analysis to decide this appeal, first addressing whether, to be sure, error of any sort was committed by the district court.

The Government argues that Brown forecloses Quintana's argument.  In Brown, the defendant appealed the district court's order that "prospectively forbid its sentence from being served concurrently with any sentence that may subsequently be handed down by a state court . . . ."  Brown, 920 F.2d at 1216. In addressing this issue, we noted that "[i]t is well-established that a defendant may be prosecuted and sentenced by both federal and state governments if the defendant's criminal conduct violates the laws of each sovereign."  Id.  We also

imposed, the factors set forth in section 3553(a).

noted that § 3584(a) does not preclude a district court from considering "subsequent sentences anticipated, but not yet imposed, in separate state court proceedings" when determining "whether to impose concurrent or consecutive sentences." Id. at 1217 (emphasis added).[2] We did not, however, discuss our dual-sovereignty concerns in any greater detail, nor did we discuss the text of § 3584(a) in any greater detail. That the Brown reasoning was predicated largely on principles of dual sovereignty, however, distinguishes the case from that presented here. Further, it should be noted that the Brown panel did not hold that the state court was so legally bound by the federal court's order that the state court could not order its sentence to run concurrently with the federal sentence if it chose to do so. See id. ("The [district] court did not abuse its discretion in determining that Brown's crime warranted a sentence consecutive to any sentence imposed in pending state proceedings.").

Here, we are presented not with a potential conflict between two sovereigns but with an actual conflict between two federal district courts. As noted above, the Northern District Court first ordered that its fifty-seven-month sentence run consecutively to any federal sentence that might be imposed in the proceedings pending before the Southern District Court. The Southern District

---

[2] Our holding in Brown has been criticized by a subsequent panel of this court. United States v. Hernandez, 234 F.3d 252, 256 (5th Cir. 2000) (per curiam) ("Although the plain language of § 3584 suggests that the district court is without discretion to order that a federal term of imprisonment run concurrent with a yet-to-be-imposed state sentence, we have found to the contrary.").

The courts of appeals are divided on the question of whether a district court may require its sentence to be served consecutively to an anticipated but not-yet-imposed state sentence. See United States v. Smith, 472 F.3d 222, 225-27 (4th Cir. 2006) (lacks authority); United States v. Quintero, 157 F.3d 1038, 1039-41 (6th Cir. 1998) (lacks authority); Romandine v. United States, 206 F.3d 731, 737-39 (7th Cir. 2000) (noting in dicta that the district court lacks authority); United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001) (has authority); United States v. Clayton, 927 F.2d 491, 492-93 (9th Cir. 1991) (lacks authority); United States v. Williams, 46 F.3d 57, 58-59 (10th Cir. 1995) (has authority); United States v. Ballard, 6 F.3d 1502, 1505-10 (11th Cir. 1993) (has authority).

Court, however, then ordered that its six-month sentence run concurrently with the term of imprisonment imposed by the Northern District Court. We have not yet addressed § 3584(a) in a case, like this, where the anticipated but not-yet-imposed sentence is a federal sentence.

The Government has provided no statutory or other authority that indicates that the Northern District Court's judgment bound the Southern District Court. And as the Fourth Circuit noted in Smith, to allow one federal court to order that its sentence run consecutively to or concurrently with an anticipated but not-yet-imposed federal sentence "would place one federal court in the position of abrogating the sentencing authority of another." 472 F.3d at 227. The Smith court was particularly concerned that a federal district court, if permitted to impose a sentence consecutive to an anticipated federal sentence, would present the second district court judge "with the Hobson's choice of either ignoring his own judgment [that a concurrent sentence was appropriate] or disobeying the order of another district court." Id. We agree that "Congress could not have intended this result when it enacted § 3584." Id.

Moreover, when "determining whether the terms imposed are to be ordered to run concurrently or consecutively," a district court must consider "the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Section 3553(a) requires a court to consider, among other things, "the nature and circumstances of the offense." 18 U.S.C. § 3553(a). As the Fourth Circuit noted in Smith, "[o]nly a court that sentences a defendant already subject to an undischarged term of imprisonment could properly consider whether a consecutive or concurrent sentence best serves the goals of § 3553(a), as only that court knows the circumstances attending the later sentence." Smith, 472 F.3d at 227.

We therefore hold that § 3854 does not provide a district court authority to order that its sentence run consecutively to an anticipated but not-yet-imposed federal sentence. Moreover, as a general principle, one district court

5

has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence. We therefore also hold that the Northern District Court erred by ordering that Quintana's sentence run consecutively to the anticipated but not-yet-imposed federal sentence.

Having established that the district court erred, however, leaves the question of whether the district court's error was plain. It was not. As we have noted above, this court has not previously addressed the question presented, and our precedents at least arguably indicated, previous to this decision, that the district court may well have the authority it attempted to exercise. We therefore hold that the Northern District Court's error was not plain.[3]

AFFIRMED.

---

[3] Because the Northern District Court was without authority to order that its sentence run consecutively, its order, in this limited respect, is without effect and may be disregarded by the Federal Bureau of Prisons in the light of this holding.