# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-10792
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHONTA MICHELLE BISHOP

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-9-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shonta Michelle Bishop appeals her sentence following her guilty-plea conviction for bank robbery under 18 U.S.C. § 2113. Bishop's guidelines range of imprisonment was 57-71 months, and the district court sentenced her to 71 months of imprisonment. Bishop contends that the sentence imposed is unreasonable because of the "overwhelming" mitigating evidence in her case. She also argues that her sentence is unreasonable because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ordered it to run consecutively to any subsequently imposed state sentences for other unadjudicated state charges.

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Because Bishop did not object to the district court's sentence as unreasonable, we review for plain error. United States v. Peltier, 505 F.3d 389, 390-93 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978).

Bishop does not allege any procedural error by the district court during sentencing. She contends that her within-guidelines sentence of 71 months was substantively unreasonable in light of her below normal IQ, the coercion applied by her boyfriend, the physical and sexual abuse she suffered in the past, her drug use, and the overrepresentation of her criminal history score. However, once the district court decided to impose a sentence of imprisonment, the record reflects that it considered Bishop's needs for education, substance abuse treatment, and mental health treatment while incarcerated in determining the length of her sentence. See United States v. Giddings, 37 F.3d 1091, 1096 & n.17 (5th Cir. 1994) (noting that legislative history indicates that a statutory prohibition in 18 U.S.C. § 3582 against considering rehabilitative needs "relates to the decision of whether to impose imprisonment, not to the length of the term of imprisonment"). A district court is required to consider "the history and characteristics of the defendant" and the need for the sentence to provide the defendant with "needed educational or vocational training, medical care, or other correctional treatment." See 18 U.S.C. § 3553(a)(1), (a)(2)(D).

Bishop also argues that the imposition of a consecutive sentence was unreasonable. As Bishop did not object to the imposition of the consecutive sentence in the district court, we review for plain error. See United States v. Quintana-Gomez, 521 F.3d 495, 496 (5th Cir. 2008); Peltier, 505 F.3d at 392. A district court's authority to impose a consecutive sentence includes the authority

to order that the sentence run consecutively to a not-yet-imposed state sentence. See United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 473 (5th Cir. 2006). The consecutive nature of a sentence is reviewed for unreasonableness and a consecutive sentence imposed within the parameters of the Sentencing Guidelines is presumptively reasonable. See Candia, 454 F.3d at 473. As discussed above, the district court's statements at sentencing suggest it chose a sentence, including the decision to make the sentence consecutive, to provide Bishop with the greatest opportunity for education, substance abuse treatment, and mental health treatment while she is incarcerated.

Bishop has not overcome the presumption that her within-guidelines sentence was reasonable, see Alonzo, 435 F.3d at 554; see also Rita, 127 S. Ct. at 2468-69, and she has not shown that the sentence imposed by the district court constituted plain error. See Peltier, 505 F.3d at 392.

AFFIRMED.