REVISED May 18, 2009

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10775
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ROBERTO GARCIA-ESPINOZA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-2

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Garcia-Espinoza appeals the sentence imposed following his guilty-plea conviction of illegal re-entry after deportation in violation of 8 U.S.C. § 1326. Garcia-Espinoza asserts that the district court erred when it ordered his federal sentence to run consecutively to a not-yet-imposed state sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because his challenge is foreclosed by our prior precedent, we affirm the district court's holding.[1]

* * *

AFFIRMED.

---

[1] See United States v. Brown, 920 F.2d 1212 (5th Cir. 1991), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).

OWEN, Circuit Judge, with whom DENNIS, Circuit Judge, joins, concurring:

Though our prior precedent in United States v. Brown[1] requires that we affirm the district court's sentencing of Roberto Garcia-Espinoza, I write separately to recommend that the court re-examine en banc how we have previously construed 18 U.S.C. § 3584. In Brown, we held that § 3584 permits a federal district court to direct that a federal sentence must run consecutively to a future sentence that had yet to be imposed by a state court.[2] Section 3584(a) provides:

> (a) Imposition of concurrent or consecutive terms.–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.[3]

We interpreted this section to mean that "when determining whether to impose concurrent or consecutive sentences" the district court "may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings."[4]

In its briefing before our court in the present case, the Government contends that our decision in Brown should be overruled or modified. The Government says: "This Court, in an appropriate case, should overrule or modify United States v. Brown [citations omitted] and hold that 18 U.S.C.

---

[1] 920 F.2d 1212 (5th Cir. 1991), abrogated on other grounds by United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).

[2] Id. at 1217.

[3] 18 U.S.C. § 3584(a).

[4] Brown, 920 F.2d at 1217.

§ 3584(a) does not authorize a district court to order that the federal term of imprisonment be served consecutively to a yet-to-be-imposed state sentence."

Our sister circuits are split on this issue. Those that have come to the same conclusion as Brown have generally interpreted the final sentence of § 3584(a) as encouraging consecutive sentences where multiple terms of imprisonment are imposed at different times, regardless of whether one of the terms is not yet imposed.[5] Those that interpret § 3584(a) differently from Brown have held that the statute's first sentence limits its applicability to those situations in which multiple terms of imprisonment are imposed at the same time or in which the defendant is already subject to an undischarged term of imprisonment.[6] These courts concluded that the final sentence merely sets out a default rule for those two situations governed by the statute and does not bestow upon the district court the ability to impose a sentence consecutive to a future state court sentence.[7]

The Government contends that we should not revisit Brown in the present case because the defendant has now served his state sentence and cannot receive credit toward his federal sentence, thus making this matter moot.[8] I disagree. The Bureau of Prisons (BOP) has the authority to implement a concurrent

---

[5] See United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001); United States v. Williams, 46 F.3d 57, 59 (10th Cir. 1995); United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).

[6] See United States v. Donoso, 521 F.3d 144, 149 (2d Cir. 2008); United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006); United States v. Quintero, 157 F.3d 1038, 1039-40 (6th Cir. 1998); United States v. Clayton, 927 F.2d 491, 492 (9th Cir. 1991).

[7] See Donoso, 521 F.3d at 149; Smith, 472 F.3d at 226; Quintero, 157 F.3d at 1039-40; Clayton, 927 F.2d at 492.

[8] See 18 U.S.C. § 3585(b) (providing that a defendant shall be given credit toward service of a term of imprisonment only for time served that has not been credited against another sentence); Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003) (denying federal sentencing credit to a defendant for time served in a state prison where the state sentencing court ordered that his sentence be concurrent to the federal sentence).

sentence by retroactively designating the state prison in which the defendant served his state sentence as the place for service of his federal sentence as well.[9] Thus, if we were to vacate and remand for resentencing and the district court imposed a concurrent sentence, the BOP could still implement that sentence notwithstanding the fact that the defendant has already served the entirety of his state sentence in a state prison.

In light of the circuit split and because both of the parties in this case argue that Brown's construction of § 3584(a) is incorrect, I recommend that the court re-examine our Brown holding en banc.

---

[9] See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); 18 U.S.C. § 3621(b) (authorizing the BOP to designate any facility that meets minimum standards of health and habitability as the place for service of a federal sentence).