**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4369**

_____

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

> v.

ALEJANDRO REYES OLAYO, a/k/a Alejandro Reyes-Olayo, a/k/a
Alejandro Reyes, a/k/a Miguel Sanchez-Reyes, a/k/a Miguel
Reyes Oyalo, a/k/a Jesus Reyes, a/k/a Jesus Reyes Jesus
Ramires,

> Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge. (1:11-cr-00005-LMB-1)

_____

Argued: January 26, 2012          Decided: March 6, 2012

_____

Before TRAXLER, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Frances H. Pratt, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Alexandria, Virginia, for Appellant.  Marla Brooke Tusk, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Federal Public
Defender, Aamra S. Ahmad, Assistant Federal Public Defender,
Alexandria, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, Patrick J. Finnerty, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Reyes Olayo, a Mexican native and citizen who was convicted of illegal entry into the United States, see 8 U.S.C. § 1326(a), appeals his 15-month imprisonment sentence. We affirm.

In an earlier prosecution, Reyes Olayo was also convicted of illegal entry in violation of § 1326(a). For that conviction, United States District Judge T.S. Ellis, III, sentenced Reyes Olayo to three months of imprisonment, to be followed by one year of supervised release, with a special condition of the supervised release being that he not return to the United States. After he completed his imprisonment term, the government removed Reyes Olayo to Mexico. However, he quickly reentered the United States, and federal authorities later took him into custody following his release from a Virginia jail, where he had been incarcerated on state charges. Eventually, Judge Ellis found Reyes Olayo to be in violation of his supervised release and sentenced him to 11 months of imprisonment.

As a result of his reentry into the country, the government charged Reyes Olayo with a new violation of § 1326(a). This case, which is the one now before us, was assigned to United States District Judge Leonie M. Brinkema, and Reyes Olayo pled guilty to the charge. In the presentence report ("PSR"), the

3

probation officer calculated the advisory sentencing range to be 15-21 months. The probation officer also noted, among other things, that Reyes Olayo was raised in Mexico in a middle class lifestyle and that he had illegally entered, or attempted to enter, the United States on numerous occasions other than the two for which he has been prosecuted. Neither Reyes Olayo nor the government objected to the PSR, but they did file sentencing memoranda setting forth their respective positions concerning an appropriate sentence. Reyes Olayo requested a 13-month sentence to run concurrently with the sentence imposed by Judge Ellis, and the government requested a 21-month consecutive sentence.

After listening to the parties' presentations at the sentencing hearing, which included a personal statement from Reyes Olayo, Judge Brinkema sentenced him to 15 months of imprisonment to run consecutively to the sentence imposed by Judge Ellis. Explaining her decision, Judge Brinkema noted that she was troubled by Reyes Olayo's record "because there are so many repeat illegal entries into the United States," and by the fact that he had "completely disregarded" Judge Ellis' order by illegally reentering the country "almost as soon as he could." J.A. 53-54. Judge Brinkema also pointed to Reyes Olayo's background and distinguished him from aliens with "horribly impoverished" backgrounds who enter the country for "compelling reasons." J.A. 54. Judge Brinkema stated that "a sentence

4

within the guideline range is necessary but not greater than sufficient to achieve the purposes, in particular in this case the purpose of making sure that there is no repeat conduct." J.A. 54.

We review a sentence for reasonableness under an abuse-of-discretion standard, and our review entails consideration of whether the sentence is both procedurally and substantively reasonable. Gall v. United States, 552 U.S. 38, 51 (2007). Reyes Olayo does not contend that the length of his sentence, which is at the low end of his advisory range, is unreasonable or that Judge Brinkema did not properly consider the factors set forth in 18 U.S.C. § 3553(a) in determining that length. See Brief of the Appellant, p. 14 ("Here, there is simply no indication that the district court considered . . . § 3553(a) as applied to the consecutive nature of the sentence (as opposed to the length of that sentence). . . ."). Instead, he argues that Judge Brinkema (1) failed to adequately explain her decision to impose a consecutive sentence and (2) relied on facts that are unsupported by the record to support that decision.

After carefully reviewing the briefs, record, and controlling legal authorities, and having had the benefit of oral argument, we are unpersuaded by Reyes Olayo's arguments. In our view of the record, Judge Brinkema adequately considered the appropriate sentencing factors and made "an individualized

5

assessment based on the facts presented." Gall, 552 U.S. at 50. Moreover, we find no abuse of discretion in her decision to impose a consecutive sentence. See United States v. Smith, 472 F.3d 222, 226 (4th Cir. 2006) (recognizing that 18 U.S.C. § 3584 creates a presumption that multiple sentences imposed at different times run consecutively unless otherwise ordered).

Based on the foregoing, we affirm.

AFFIRMED