# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-10367

March 11, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:11-CR-157-3

Before STEWART, Chief Judge, SMITH and WIENER, Circuit Judges.

PER CURIAM:[*]

Noel Garcia was sentenced to 168 months' imprisonment after pleading guilty to possession with intent to distribute 500 grams or more of a substance containing cocaine and to conspiracy to do the same. The district court ordered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10367

that the sentence run consecutively to Garcia's impending probation revocation by a state court. Appealing his sentence, Garcia complains of the consecutivity. We affirm.

I.

Garcia pleaded guilty with no plea agreement. Recognizing his exceptional cooperation, the government recommended a below-guideline sentence. The court imposed a 168-month sentence, significantly below the guideline range of 235–293 months, but directed that the sentence would be "consecutive to any terms of imprisonment that might be imposed in connection with any of [Garcia's] pending probation revocations." Garcia's counsel objected to the sentence's running consecutively.

II.

Garcia claims that his sentence was unreasonable based on its running consecutively to the as-yet-undetermined state prison term. We review an objected-to sentence for reasonableness under an abuse-of-discretion standard, with findings of fact reviewed for clear error and legal application reviewed *de novo*. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Salazar*, 542 F.3d 139, 144 (5th Cir. 2008).

III.

Garcia argues that it is impossible for the federal sentence to run consecutively to a sentence that has not been imposed. A court may impose imprisonment of concurrent or consecutive terms; any decision will be measured for reasonableness on appeal. *See* 18 U.S.C. § 3584. We addressed Garcia's challenge squarely in *United States v. Setser*, 607 F.3d 128 (5th Cir. 2010).

In *Setser*, we held that "the district court had the authority to—and there-

No. 12-10367

fore did not abuse its discretion by—imposing a consecutive federal sentence to a yet imposed state sentence." *Id.* at 131–32. The Supreme Court affirmed. *See Setser v. United States*, 132 S. Ct. 1463 (2012). The Court explained that there "is nothing unreasonable—let alone inherently impossible—about the sentence['s]" being imposed consecutively to an undetermined state sentence. *Id.* at 1472. Although the Court did not decide whether "reasonableness review under [*Booker v. United States*, 543 U.S. 220 (2005),] applies to a court's decision that a federal sentence should run concurrently with or consecutively to another sentence," it noted that the courts of appeals "generally" apply this standard of review, and the Court applied it. *Id.* at 1472 n.7. We therefore reiterate that imposition of a sentence to run consecutively to an undetermined state sentence is not, for that reason, unreasonable or an abuse of discretion.

Garcia attempts to distinguish these cases by noting that Setser was already in state custody even though the state had not yet sentenced him. That argument is unavailing. Custody played no part in either our or the Supreme Court's analysis of this question, and it changes nothing. "Consecutive" is distinguished from "concurrent"; it does not necessarily mean "before." Garcia will be able to serve any state-imposed term of imprisonment after his federal sentence.

Garcia also argues that our jurisprudence is inconsistent. He cites *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008), in which we held that a district court does not have "authority to order that its sentence run consecutively to an anticipated but not-yet-imposed" sentence to be imposed by another federal court. There, however, we were careful to note that sentences could be imposed to run consecutively to as-yet-undetermined state sentences even if they could not run consecutively to unimposed federal sentences. *Id.* at 497. *Quintana-Gomez* is inapplicable.

The judgment of sentence is AFFIRMED.