# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10061

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DENNIS DURAY JOHNSON

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas,
USDC No. 4:17-CR-124-1

Before SMITH, BARKSDALE, and HO, Circuit Judges.

PER CURIAM:*

Regarding his guilty-plea conviction and sentence of 71 months' imprisonment for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), Dennis Duray Johnson contests two aspects of his sentence: the district court's applying an enhancement under Sentencing Guideline § 2K2.1(b)(6)(B) for use of a firearm "in connection with another felony offense";

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10061

and its not ordering his sentence to run concurrently with a claimed "anticipated" state sentence, in violation of Guideline § 5G1.3(c).  AFFIRMED.

I.

On 15 January 2017, Texas authorities responding to a single-vehicle accident found Johnson, the only occupant, pinned in the driver's seat.  His backpack contained, among other things, marihuana, cash, and a pistol with four rounds of ammunition.  (As described in the presentence investigation report (PSR), and discussed *infra*, Johnson had used the same pistol on 14 January in an aggravated robbery.)

Regarding his possession of that firearm on 15 January, Johnson had a prior conviction for felony aggravated assault with a deadly weapon in Tarrant County, Texas, in 2008.  Based on that predicate offense, Johnson was indicted in this case for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He pleaded guilty to the one-count indictment.

The PSR, *inter alia*, recommended a Guideline § 2K2.1(b)(6)(B) enhancement.  Johnson objected to the enhancement, contending:  his possession of marihuana on the day of his 15 January vehicle-accident was not a felony offense; and the aggravated robbery committed with the same unlawfully-possessed firearm on 14 January was not relevant conduct.

At sentencing, the court heard argument before overruling Johnson's objections, adopting the PSR, and sentencing Johnson above the advisory Guidelines sentencing range.  (During the hearing, the court made a comment Johnson relies upon—for the first time on appeal—to claim the court, for the then-uncharged 14 January aggravated robbery, "actually anticipated" a state sentence, requiring application of Guideline § 5G1.3(c), and imposition of any federal sentence to run concurrently with a state sentence.)

2

No. 18-10061

## II.

For the first of his two claims on appeal, and as he did in district court, Johnson presents two challenges to the  imposition of the enhancement:  the 14 January aggravated robbery was not relevant conduct; and his possession of marihuana on 15 January was a misdemeanor, not a requisite felony.  And—as noted, for the first time on appeal—Johnson asserts the court erred in not "anticipating" a state sentence based on the then-*uncharged* aggravated robbery; and, instead, should have ordered his federal sentence to run concurrently with the "anticipated" state sentence.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  As reflected above, Johnson claims only procedural error.

### A.

The court may impose a sentencing enhancement under § 2K2.1(b)(6)(B) if defendant "used or possessed any firearm . . . in connection with another felony offense".  U.S.S.G. § 2K2.1(b)(6)(B).  The enhancement can be satisfied by multiple factual scenarios, as explained by the Advisory Committee notes.  Johnson's § 2K2.1(b)(6)(B) enhancement could be satisfied, *inter alia*, by the "relevant conduct" of using the firearm for the 14 January aggravated robbery, cmt. n.14(E)(i), or because the firearm was found in "close proximity to drugs" on 15 January, cmt. n.14(B).

No. 18-10061

The PSR stated:  Johnson had committed another firearm-related offense the day before his vehicle-accident; and that offense served as a "relevant conduct" basis for the enhancement.  U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(E)(i).  (Although not presented expressly in the PSR, the parties address whether the enhancement could also be satisfied by the firearm's discovery on 15 January in "close proximity to drugs".  U.S.S.G. § 2K2.1(b)(6)(B) cmt. n.14(B).  As discussed *infra*, we need not reach this close-proximity question, because the relevant-conduct enhancement was proper.)

Whether defendant possessed a firearm in connection with another felony for purposes of § 2K2.1(b)(6)(B) is a factual finding.  *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010) (citation omitted).  As stated, the district court's factual findings and inferences for Guidelines purposes are reviewed for clear error.  *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013), *cert. denied* 572 U.S. 1028 (2014).  "A factual finding is not clearly erroneous if it is plausible in [the] light of the record as a whole."  *Coleman*, 609 F.3d at 708 (citation omitted).

1.

As presented in the adopted PSR, officers responded to an aggravated-robbery call on 14 January 2017 at an apartment complex, identifying three victims (two men and a woman).  The two men were bleeding from visible injuries on their faces.  They told officers they smoked marihuana regularly, and earlier that week had purchased a half ounce from their regular supplier, Johnson; they failed to timely pay Johnson for the marihuana; and he began sending threatening text messages, declaring he "wanted his money or 'there would be trouble'".

On 14 January, the day before his vehicle-accident, Johnson and three unidentified accomplices, wearing masks or bandanas to obscure their faces and brandishing firearms, approached the three victims in the apartment

4

No. 18-10061

parking lot; Johnson ordered the victims back into the apartment, forced them to lie face-down on the floor, and robbed them; and, while the victims were lying on the floor, Johnson and his accomplices pistol-whipped and kicked them.  Laboratory test results concluded blood and the victims' DNA were on the pistol recovered from the vehicle-accident on 15 January.  In short, the pistol had been used in the 14 January aggravated robbery.

For deciding whether, through the above-described "relevant conduct" scenario, Johnson "used or possessed any firearm . . . in connection with another felony offense" for purposes of the § 2K2.1(b)(6)(B) enhancement, "relevant conduct" is defined by the Guidelines.  *See* U.S.S.G. § 1B1.3(a).  The conduct includes those "acts . . . committed, aided, abetted, [or] . . . induced . . . by the defendant", Guideline § 1B1.3(a)(1)(A), or those which were "part of the same course of conduct or common scheme or plan as the offense of conviction", Guideline § 1B1.3(a)(2).

To qualify as part of a "common scheme or plan" or "course of conduct", the acts "must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*", or if they are "sufficiently . . . related" as to conclude "they are part of a single episode, spree, or ongoing series of offenses".  U.S.S.G. § 1B1.3 cmt. n.5(B).  Factors used in making this determination include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses".  U.S.S.G. § 1B1.3 cmt. n.5(B)(ii).

Based on the factors in § 1B1.(3)(a), Johnson contends the 14 January aggravated robbery does not constitute relevant conduct for purposes of the enhancement, including because it is too attenuated.  Guideline § 2K2.1(b)(6)(B) cmt. n.14(E)(i), however, expressly supports application of the enhancement.  *See Alcantar*, 733 F.3d at 147 (Guideline notes "'[are] authoritative unless [they] violate[] the Constitution or a federal statute, or

5

No. 18-10061

[are] inconsistent with, or a plainly erroneous reading of, that [G]uideline'". (alterations in original) (quoting *United States v. Miller*, 607 F.3d 144, 148 n.2 (5th Cir. 2010))). The commentary describes a situation in which defendant is found in "unlawful[] possess[ion]" of a firearm "on October 15", and the sentencing court determines defendant used the same firearm "in connection with a robbery" "on the preceding February 10", and notes the enhancement could apply if the two offenses are "part of the same course of conduct or common scheme or plan". U.S.S.G. § 2K2.1 cmt. n.14(E)(i).

The district court did not err in applying the enhancement because it did not clearly err in finding Johnson's firearm was used "in connection with another felony offense" pursuant to § 2K2.1(b)(6)(B). *See* U.S.S.G. § 1B1.3 cmt. n.5(B) (describing relevant conduct). Here, the temporal difference is only one day. Further, at all relevant times, Johnson was a convicted felon in possession of a firearm. Johnson unlawfully possessed the firearm and used it on 14 January in furtherance of the collection of a drug debt, which is "relevant conduct" to his unlawful possession of the same firearm in a backpack filled with drug paraphernalia the next day, when his vehicle-accident occurred. Finally, "possession of the same, distinct firearm when arrested[,] and on the previous day in a robbery[,] raises an inference of continuous possession", *United States v. Hope*, 545 F.3d 293, 297 (5th Cir. 2008) (footnote omitted), which supports application of the enhancement as a "common scheme or plan" under Guideline § 1B1.3 cmt. n.5(B)(i).

2.

Following Johnson's accident on 15 January, officers recovered from his backpack, *inter alia*, 1.67 ounces (47.34 grams) of marihuana, one glass pipe, one electronic scale, one plastic baggie containing numerous small plastic baggies, and a Sig Sauer, Model P238, .380-caliber pistol with four rounds of ammunition. As noted, Guideline § 2K2.1(b)(6)(B) also applies when "a firearm

is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia" because "the presence of the firearm has the potential of facilitating another *felony* offense", Guideline § 2K2.1 cmt. n.14(B) (emphasis added).

Johnson insists the enhancement, based on close proximity, cannot apply because he possessed only a misdemeanor-quantity of drugs. As stated, we need not reach this issue, because the enhancement is satisfied by Johnson's relevant conduct.

B.

For the drugs and related materials, as well as the pistol, found in Johnson's backpack after his 15 January accident, he was charged by the State with possession of marihuana and unlawful possession of a firearm by a felon; those charges, however, were dismissed prior to sentencing in this case on 4 January 2018. But, subsequent to sentencing, the State on 20 February 2018 indicted Johnson on six counts related to the 14 January aggravated robbery.

At sentencing, the court tentatively overruled the objection to the § 2K2.1(b)(6)(B) enhancement and heard additional argument. Johnson asserted the facts in the PSR concerning the 14 January aggravated robbery were unreliable, stating "Tarrant County has had this case for almost one calendar year and has not even thought to put it in front of a grand jury". The court responded: "Don't you think that's because they knew he was coming here?"

Based on that response, Johnson asserts the court "actually anticipated" a state sentence at the time of federal sentencing, requiring application of Guideline § 5G1.3(c): "If . . . a state term of imprisonment is anticipated to result from another offense that is *relevant conduct* to the instant offense of conviction . . . , the sentence . . . shall be imposed to run concurrently to the anticipated term of imprisonment." (Emphasis added.)

When, as here, the district court is silent at sentencing on whether a sentence runs concurrently or consecutively to another sentence, it is presumed they run consecutively. *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006); *Jones v. Joslin*, 635 F.3d 673, 674–75 (5th Cir. 2011). At sentencing, defendant may request a concurrent sentence, *Candia*, 454 F.3d at 472, or object to the imposition of consecutive sentences, *United States v. Garcia*, 517 F. App'x 225, 225 (5th Cir. 2013).

If, however, defendant "do[es] not object to the" district court's ordering "consecutive sentences . . .[,] we review only for plain error". *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014). As noted, Johnson did not preserve this issue in district court. Therefore, plain-error review applies. (The parties agree; but that, of course, is not determinative of our standard of review. *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc).)

Under the plain-error standard, Johnson must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The question whether a district court "anticipates" a state sentence when state charges are not yet filed is one of first impression in this circuit, *see, e.g.*, *United States v. Olmeda*, 894 F.3d 89, 92 (2d Cir. 2018) (only circuit to address this issue), and, therefore, cannot be decided on plain-error review, *see United States v. Jackson*, 549 F.3d 963, 978 (5th Cir. 2008); *see also United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998). This is because, when an issue of first impression is involved, "any error was not plain" (clear or obvious). *Jackson,* 549 F.3d at 978. In other words, Johnson's assertion Guideline § 5G1.3(c) should have been applied, based on his position that the district court "anticipated" a state sentence, does not constitute the requisite clear or obvious

No. 18-10061

error, as the assertion "requires the extension of [our court's] precedent, [so] any potential error could not have been 'plain'". *Hull*, 160 F.3d at 272.

## III.

For the foregoing reasons, the judgment is AFFIRMED.