# United States Court of Appeals for the Fifth Circuit

---

No. 22-30607
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Josh Tapp,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-201-5

---

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Josh Tapp was sentenced to 70 months of imprisonment and five years of supervised release after pleading guilty to conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. While he was on supervision for the underlying offense, Tapp was charged with new offenses in a separate case. After pleading guilty to conspiracy to distribute controlled substances and possession of a firearm in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

furtherance of a drug trafficking crime in that separate case, the district court revoked his term of supervised release on the underlying conviction and imposed a 30-month sentence and ordered it to run consecutively to the 130-month term imposed for the conviction on the new offenses.

Tapp argues that the district court committed a significant procedural error by ordering his revocation sentence to run consecutively to the sentence imposed on his new conviction. Because Tapp did not object on this basis in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). He notes that the district court in the new criminal case ordered that the sentence imposed on that conviction run concurrently with any sentence to be imposed upon revocation.

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Despite Tapp's assertions to the contrary, the district court in the instant case did not commit procedural error in ordering his revocation sentence to run consecutively to the sentence imposed on his new conviction, as we have recognized that "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence." *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008).

Also with regard to the consecutive nature of the sentence, Tapp asserts that the revocation sentence is substantively unreasonable. A properly preserved challenge to a revocation sentence is reviewed under a "plainly unreasonable" standard. *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (internal quotation marks omitted). If, however, the error was not preserved, we will review for plain error. *See id.* In this case, we need not decide the standard of review because Tapp would not prevail under either

standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Tapp has failed to argue or demonstrate that the district court failed to consider a factor that should have received significant weight, gave weight to an improper factor, or clearly erred in balancing the factors; thus, he has not shown that the sentence imposed is substantively unreasonable. *See United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020).

Finally, Tapp challenges the criminal history score that was calculated on the revocation of supervised release. He argues that the district court should have placed him in criminal history category III, rather than criminal history category IV. Because Tapp did not raise this argument before the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 136 (2009).

The criminal history category applicable to sentencing after supervised release is "'the category applicable at the time the defendant was originally sentenced to a term of supervision.'" *United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008) (quoting U.S.S.G. § 7B1.4, comment. (n.1)). Here, the district court properly used the criminal history category applicable when Tapp was sentenced on his original conviction for conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin. *See id.* Additionally, a defendant may not challenge the calculation of his criminal history score for the first time on appeal from a sentence imposed upon revocation of supervised release. *See United States v. Hinson*, 429 F.3d 114, 116 (5th Cir. 2005). Tapp is unable to demonstrate that the district court committed plain error in relying on his original criminal history category. *See Puckett*, 556 U.S. at 135.

Based on the foregoing, the judgment is AFFIRMED.