**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50566
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROY LEE JONES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:03-CR-191-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roy Jones, federal prisoner # 39810-180, pleaded guilty of being a felon in possession of a firearm and possession with intent to distribute 50 grams or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more of cocaine base. *See* 18 U.S.C. §§ 841, 922(g)(1). He was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, basing his appeal on the Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See* U.S. SENTENCING GUIDELINES MANUAL, supp. to app. C, amend. 706, at 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, so we review the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Jones argues that under *Rita v. United States*, 551 U.S. 338 (2007), *United States v. Booker*, 543 U.S. 220 (2005), *Gall v. United States*, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), the court has discretion to lower his sentence, because his career offender enhancement was "activated" by the crack cocaine guideline. Jones contends that his career-offender-guideline sentence should be reexamined for a determination whether, after the amendment, it is not greater than necessary to satisfy the purposes of sentencing as provided in 18 U.S.C. § 3553. He avers that the district court erred in enforcing the career-offender-guideline sentencing range as mandatory rather than advisory, in violation of *Booker*.

Jones has not shown that the district court abused its discretion in denying his motion for a reduction of sentence. Because the guideline range was derived from his status as a career offender and not the quantity of crack cocaine

involved in the offense, Jones was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Further, to the extent Jones argues that the district court had discretion to reduce his sentence under § 3582(c)(2) in light of *Booker* and *Kimbrough*, the argument is unavailing, because those decisions were not "based on a retroactive amendment to the Guidelines." *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (*Booker*); *Kimbrough*, 128 S. Ct. at 564. *Rita* and *Gall* are likewise inapposite. The district court did not abuse its discretion in denying a reduction. Jones's motion to transcribe the computer disk provided by the government with its brief is DENIED.

AFFIRMED.