# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2011

No. 10-40482
Summary Calendar

Lyle W. Cayce
Clerk

ROY LEE JONES,

Petitioner - Appellant

v.

WARDEN DAN JOSLIN,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-344

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Roy Lee Jones, federal prisoner # 39810-180, appeals the dismissal of his 28 U.S.C. § 2241 habeas petition. He alleges that his federal sentence is being improperly executed because the Federal Bureau of Prisons is treating it as consecutive to, instead of concurrent with, a previously imposed state sentence. Although we acknowledge some ambiguity in the language used when imposing the federal sentence, we agree with the BOP that we must treat the sentences as consecutive, and we therefore affirm.

No. 10-40482

Jones was convicted of four separate offenses within a short period of time. He was convicted on a state charge of possession of cocaine for an offense that occurred on December 3, 2002,[1] and a separate state charge of family assault for an offense that occurred on January 30, 2003.[2] He was sentenced for both state convictions on May 3, 2004. Jones later pleaded guilty in federal court to one count of being a felon in possession of a firearm[3] and one count of possession with intent to distribute cocaine base,[4] both arising from an incident that occurred on May 5, 2003. The federal court sentenced Jones on October 19, 2004, to "a term of ONE HUNDRED TWENTY (120) MONTHS on [the firearms offense], and a term of TWO HUNDRED FORTY (240) MONTHS on [the drug offense], *all to be served concurrently.*"[5]

Jones contends that because the sentencing court ordered "all to be served concurrently," the federal sentences are to run concurrent with his state sentence. He argues that if this language referred only to the federal sentences, the district court should have stated "*both* to be served concurrently." The BOP asserts that because the sentencing court did not mention the prior state sentence, we must apply the statutory presumption of 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115.

[2] *See* TEX. PENAL CODE § 22.01.

[3] *See* 18 U.S.C. § 922(g).

[4] *See id.* § 841.

[5] Judgment, *United States v. Jones*, No. A-03-CR-191(1)-SS (W.D. Tex. Oct. 19, 2004) (emphasis added), *appeal dismissed*, 218 F. App'x 316 (5th Cir. 2007) (unpublished); *see also United States v. Jones*, 328 F. App'x 916 (5th Cir. 2009) (unpublished) (denying Jones's motion for a reduction of sentence).

2

No. 10-40482

We hold that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence. Both 18 U.S.C. § 3584(a) and our cases recognize a strong presumption that separately imposed sentences are to run consecutively, and they place the onus on the district court to specifically order when it wishes to depart from this default rule.[6]  Although Jones's federal judgment is inartfully worded, and perhaps even ambiguous, it cannot specifically order the federal sentence to run concurrent with the state sentence when the judgment never mentions the state sentence.

Our conclusion is reinforced by 18 U.S.C. § 3584(b), which instructs that when determining whether sentences should run concurrently or consecutively, the sentencing court shall consider the factors set forth in 18 U.S.C. § 3553(a). Because the two federal sentences were concurrent by default,[7] there was no need for the court to explain why these sentences should be served concurrently with each other.[8]  But if the court wanted the federal sentences to also run concurrent with the state sentence, contrary to the statutory presumption, then it should have discussed why this departure was justified with reference to the Section 3553(a) factors and the specific offenses for which Jones was convicted. The sentencing court offered no such discussion.

---

[6] *See, e.g.*, *United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006) ("[I]f the district court had said nothing about the consecutiveness or concurrence of this sentence, the statutory presumption is that the sentence would run consecutively."); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) ("Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently.").

[7] "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." 18 U.S.C. § 3584(a).

[8] *See Rita v. United States*, 551 U.S. 338, 356–57 (2007).

No. 10-40482

The BOP also fully complied with 18 U.S.C. § 3585(b). The BOP commenced Jones's federal sentences on June 18, 2007, the date he was released from his state sentence. Jones was not entitled to credit toward his federal sentences for the time spent serving his state sentence. Jones did receive credit toward his federal sentences for his days in federal custody that were not awarded against the state sentence. The BOP thus correctly calculated Jones's sentence.

AFFIRMED.