# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2014

Lyle W. Cayce
Clerk

No. 12-51277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KIMBERLY RENEE NASH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-453-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kimberly Renee Nash, Texas prisoner # 1801253, pleaded guilty to one count of bank robbery and was sentenced to serve 151 months in prison and a three-year term of supervised release. In this appeal, she challenges the district court's denial of her request to have her federal sentence run concurrently to the state sentence she is now serving. Because Nash's request challenges the execution of her sentence, it is best classed as arising under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51277

U.S.C. § 2241. *See Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001); *see also Jones v. Joslin,* 635 F.3d 673, 674 (5th Cir. 2011); *Hunter v. Tamez*, 622 F.3d 427, 428 (5th Cir. 2010). When considering a ruling on a § 2241 petition, we conduct a de novo review of the district court's legal conclusions and examine its factual findings for clear error. *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998).

District courts have discretion to decide whether to impose a federal sentence to run consecutively or concurrently to an anticipated state sentence. *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir.1991), *abrogated on other grounds by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir.2006); *Setser v. United States*, 132 S. Ct. 1463, 1466-73 (2012). The district court did not err by denying Nash's request for concurrent sentences. The district court's judgment is AFFIRMED, and Nash's request for appointed counsel is DENIED.