# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2014

Lyle W. Cayce
Clerk

ROY EDWARD CANTU,

Petitioner−Appellant,

versus

FEDERAL BUREAU OF PRISONS; HARRELL WATTS;
G. MALDONADO, JR.; KEITH ROY,

Respondents−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-257

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Roy Edward Cantu, federal prisoner #05508-078, appeals the denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his 28 U.S.C. § 2241 petition for writ of habeas corpus and the denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the judgment denying the petition. That petition challenged the calculation by the Bureau of Prisons ("BOP") of his 48-month sentence, from the Eastern District of Texas, for conspiracy to possess with intent to distribute marihuana and his 224-month sentence, from the Southern District of Texas for conspiracy to commit racketeering activity in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

The state contends that only the appeal from the denial of the Rule 60(b) motion is properly before this court because Cantu did not file a timely notice of appeal from the denial of the § 2241 petition. Eight days after the entry of judgment, however, Cantu filed a document styled as a 28 U.S.C. § 2255 motion in which he expressed an intent to appeal the judgment denying his § 2241 motion and identified himself as the party appealing. That document is a sufficient and timely notice of appeal, so we have jurisdiction to consider the appeal of the denial of the § 2241 petition. *See* 28 U.S.C. § 2107(b); *Bailey v. Cain*, 609 F.3d 763, 765-66 (5th Cir. 2010).

Cantu urges that the district court erred by denying his § 2241 petition because the Honorable Filemon Vela, the sentencing judge in the RICO case, intended that he serve a total sentence of 224 months from the time he was initially arrested on the marihuana charge on April 26, 1995. Cantu maintains that the sentencing guidelines require his RICO sentence to run concurrently to the 10 months remaining on his marihuana sentence at the time of sentencing. He asserts that Judge Vela ordered the sentences to run concurrently by adopting the presentence report ("PSR") because it stated that the sentences would run concurrently. Cantu also raises multiple procedural issues.

On appeal from the denial of a § 2241 petition, we review the district

court's determinations of law *de novo* and its findings of fact for clear error. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). We review the denial of relief under Rule 60(b) for abuse of discretion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

Cantu did not raise new arguments in his Rule 60(b) motion but merely presented the addendum to the PSR in the RICO case as new evidence in support of an argument he had already raised. Because the addendum was part of the record in the underlying RICO case, we may take judicial notice of it when considering Cantu's challenges to the denial of his § 2241 petition. *See Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008); *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976). Thus, the Rule 60(b) motion does not add anything to Cantu's challenges to the denial of the § 2241 petition, and we consider all of his arguments under the standard of review applicable to denials of § 2241 petitions.

Other than his argument that the BOP incorrectly calculated his sentence because his RICO sentence ran concurrently with the 10 months remaining on his marihuana sentence at the time of sentencing, Cantu's assertions are without merit. Although he correctly reasons that the oral pronouncement of sentence is controlling over the written judgment, *see United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001), the district court did not err by failing to consider the sentencing transcript because it was never prepared.

Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* Thus, when a sentencing court does not mention a prior undischarged sentence, the sentences run

consecutively. *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011).

The PSR from the RICO case shows that the offense conduct for the marihuana conviction was not just relevant conduct to the RICO conviction but was also part of the offense conduct of the RICO conviction. Thus, under the then-mandatory guidelines, the sentence on the RICO conviction was supposed to run concurrently with the undischarged portion of the marijuana sentence. *See* U.S.S.G. § 5G1.3(b)(2). Although the magistrate judge correctly noted that Judge Vela could have ordered the RICO sentence to run consecutively to the undischarged portion of the marihuana sentence as a departure, *see United States v. Bell*, 46 F.3d 442, 446 (5th Cir. 1995), it would have been illogical for him to have done so because he could have sentenced Cantu to the same total sentence without departing from the guidelines by choosing a different sentence within the guideline range and ordering the sentences to run concurrently.

The written judgment in the RICO case does not state whether the sentence was to run consecutively to or concurrently with the undischarged 10 months that were then remaining on the marihuana sentence, but it gave Cantu credit for the 38 months of the marihuana sentence that he had already served. In the Statement of Reasons, Judge Vela adopted the PSR in relevant part. The PSR stated that the undischarged portion of the marihuana sentence should be considered at sentencing, and the addendum to the PSR stated that the RICO sentence would run concurrently with the undischarged portion of the marihuana sentence. By adopting a PSR stating that the sentences would run concurrently, Judge Vela ordered "that the terms are to run concurrently." § 3584(a). Thus, by determining that the sentences ran consecutively, the BOP incorrectly calculated the length of the sentence, and Cantu is entitled to relief.

For the foregoing reasons, the judgment is AFFIRMED in part and

No. 13-41009

VACATED in part, and the case is REMANDED for entry of judgment consistent with this opinion. Because Cantu is scheduled to be released within 10 months and is likely entitled to immediate release, the mandate shall issue forthwith.