# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY LEE JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-191-1

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Roy Lee Jones, federal prisoner # 39810-180, seeks our authorization to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence for possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. According to Jones, the district court abused its discretion when it determined that he was not entitled to a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction.     He challenges the district court's denial of IFP status and certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The only argument that Jones advances in our court is that the district court committed legal error by not applying *United States v. Johnson*, 135 S. Ct. 2551 (2015), to award him relief under § 3582(c)(2).  That, however, is not an argument that the district court was wrong in concluding that the appeal is in bad faith because Jones was sentenced as a career offender.  *See Baugh*, 117 F.3d at 202.   Jones thus fails to present a nonfrivolous argument for overturning the district court's certification decision.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Additionally, "it is apparent that [the appeal] would be meritless," given the district court's correct conclusion that Jones was sentenced as a career offender and given that § 3582(c)(2) by its terms applies only when a guidelines sentencing range has been subsequently lowered by the Sentencing Commission.  *Baugh*, 117 F.3d at 202 n.24; *see Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001); § 3582(c)(2); *see also United States v. Jones*, 328 F. App'x 916, 918 (5th Cir. 2009).   *Johnson* was "not based on a retroactive amendment to the Guidelines." *Jones*, 328 F. App'x at 918 (internal quotation marks and citation omitted).

We DENY the motion to proceed IFP on appeal, and we sua sponte DISMISS this appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; FED. R. APP. P. 24(a)(3); 5TH CIR. R. 42.2.  Additionally, Jones is WARNED that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to our jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).