# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

No. 12-50106
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO BAEZA-LOZANO,

Defendant-Appellant

Cons. w/  No. 12-50120

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FRANCISCO BAEZA-LOZANO, also known as Francisco Baeza,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-303-1
USDC No. 7:06-CR-220-1

No. 12-50106
c/w No. 12-50120

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Francisco Baeza-Lozana (Baeza) pleaded guilty to illegal reentry following deportation and was sentenced to 96 months of imprisonment and three years of supervised release. At the time of the offense, Baeza was under supervised release for 2007 conviction for heroin distribution in violation of 21 U.S.C. § 841(b)(1)(C). Immediately following the proceedings in the illegal reentry case, the district court revoked Baeza's supervised release and sentenced him to 24 months of imprisonment and three years of supervised release. Baeza appeals both sentences. The appeals have been consolidated.

For the first time on appeal, Baeza argues that the district court procedurally erred when it ordered that his sentence for the illegal reentry run consecutively to the sentence that the court had not yet imposed on the revocation. Citing 18 U.S.C. § 3584(a) and *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008), he argues that the district court may impose consecutive sentences only where the sentences are imposed at the same time, or where the defendant already has been sentenced in an earlier case.

We review Baeza's argument for plain error only. To show plain error, Baeza must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate that a sentencing error affected his substantial rights, Baeza must show that it affected the outcome in the district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

The facts of the instant case are distinguishable from those in *Quintana-Gomez* because the instant case involved the same sentencing judge and back-to-back sentencing proceedings. However, even assuming that this court's holding in *Quintana-Gomez* shows that the district court erred, Baeza cannot show that the district court's error affected his substantial rights because immediately after the district court imposed the 96-month illegal reentry sentence, it sentenced Baeza to 24 months of imprisonment on the revocation offense, and it ordered that the revocation sentence run consecutively to the already imposed illegal-reentry sentence. Accordingly, Baeza cannot make the showing required to obtain relief under the plain error standard of review. *See Mondragon-Santiago*, 564 F.3d at 369.

Baeza also challenges his revocation sentence, arguing that the sentence of 24 months of imprisonment and three years of supervised release exceeds the statutory maximum allowed by 18 U.S.C. § 3583(b). When a defendant's supervised release is revoked and the district court sentences the defendant to a term of imprisonment followed by a term of supervised release, the term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less than any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). Despite Baeza's failure to object to the term of supervised release in the district court, his argument that the sentence exceeds the statutory maximum merits de novo review. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008) (noting that a sentence which exceeds the statutory maximum constitutes plain error subject to de novo review).

The Government agrees that a sentencing court must aggregate the imprisonment term with the supervised release term; however, it challenges

Baeza's contention that the maximum term of supervised release available for the aggregate term was three years. The Government's argument has merit. In *United States v. Jackson*, 559 F.3d 368, 370 (5th Cir. 2009), this court held that following the amendment of § 841(b)(1)(C) in 2002, the "general maximums of § 3583(b) do not apply to revocation sentencing when the original offense was a conviction under § 841(b)(1)(C)." *Id.* at 372.

Baeza next argues that the district court plainly erred in ordering that his revocation sentence run consecutively to the illegal reentry sentence. He argues that the district court failed to state its reasons for imposing the consecutive sentence in open court during the revocation proceedings. He alternatively argues that this court can reasonably infer that the district court relied upon the reasons it gave during the illegal reentry proceedings in electing to run the revocation sentence consecutively, and that those reasons made reference to two sentencing factors that are patently improper in revocation cases. Because Baeza did not object to the district court's revocation sentence based on the foregoing, we review this argument for plain error. *See United States v. Davis*, 602 F.3d 643, 646-47 (5th Cir. 2010).

Under 18 U.S.C. § 3553(c), a district court must state "in open court" the reasons for imposing a particular sentence. This articulation requirement also applies to a district court's decision whether to impose a consecutive or concurrent sentence. *United States v. Gore*, 298 F.3d 322, 325 (5th Cir. 2002). However, the failure to articulate oral reasons does not warrant relief under the plain error standard of review where the appellant fails to establish an effect on his substantial rights. *See id.* & n.2. Baeza makes no showing that the court's omission affected his substantial rights. Accordingly, he has not met the showing required under the plain error standard. *See Mondragon-Santiago*, 564 F.3d at 364. Moreover, we reject Baeza's assertion that we should infer that the

reasons given during the prior illegal reentry proceedings were intended to support the revocation sentence

Finally, Baeza correctly notes that the order revoking his supervised release contains two clerical errors because it twice refers to the date of his original judgment as January 23, 2009, rather than May 2, 2007. Accordingly, we remand the case to the district court for correction of the clerical errors pursuant to FEDERAL RULE OF CRIMINAL PROCEDURE 36. *See United States v. Powell*, 354 F.3d 362, 371 (5th Cir. 2003).

AFFIRMED and REMANDED