# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11070

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE ESTRADA NAVA, Also Known as Jose Maria Estrada,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Jose Estrada Nava challenges his sentence. Because he has not shown plain error, we affirm.

I.

Estrada Nava pleaded guilty, in the Northern District of Texas, of illegal reentry after deportation and was sentenced to twenty-seven months'

No. 13-11070

imprisonment and three years' supervised release.  The judgment of sentence states that it will run consecutively with any sentence of imprisonment imposed in his pending revocation proceeding in the Western District of Texas. Subsequently, the Western District revoked Estrada Nava's probation and sentenced him to four months' imprisonment to run consecutively with his illegal-reentry sentence.  Estrada Nava appeals his twenty-seven-month sentence, claiming that the district court erred in ordering that it run consecutively with his pending federal sentence in the Western District.

## II.

Because Estrada Nava did not object to the order of consecutive sentences in the district court, we review only for plain error.  Under plain-error review, this court may correct a forfeited error in its "sound discretion" on a showing of (1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732–37 (1993); *see also Puckett v. United States*, 556 U.S. 129, 135–36 (2009).  "Meeting all four prongs is difficult, as it should be." *Puckett*, 556 U.S. at 135 (internal quotation marks omitted).

## III.

The order to run the illegal reentry sentence consecutively with the pending federal sentence is clear and obvious error under prongs one and two. *See United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008).[1] Estrada Nava, however, has failed to meet his burden as to prong three.

Estrada Nava bears the burden of showing that his substantial rights

---

[1] *See also United States v. Price*, 516 F.3d 285, 288–89 (5th Cir. 2008).

were affected by the error.[2] Affecting substantial rights "means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings."[3] Estrada Nava argues that we should consider only the present proceedings in isolation from those held in the Western District because they are beyond the scope of the "district court proceedings" spoken of by the Supreme Court. He argues that his substantial rights were affected because the error "*is* the outcome" of the proceedings and thus must affect his substantial rights.

This argument betrays a fundamental misunderstanding of what prong three requires. We may consider connected district court cases when determining whether a defendant has been prejudiced by error, especially in situations where—as here—the error necessarily involves a separate proceeding. To determine how the error affected the outcome of the proceedings, we must consider how the error affected the actual term of imprisonment.[4] Additionally, it is not enough merely to claim that an illegal term in the judgment must affect the outcome. This suggestion merely recasts the error—ordering a term of imprisonment to be run consecutively with a pending federal action—as the effect on substantial rights, something specifically rejected by the Supreme Court.[5]

---

[2] *Olano*, 507 U.S. at 734–35 ("Rule 52(b) normally requires the same kind of inquiry [as Rule 52(a)], with one important difference: It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial.").

[3] *Id.* at 734.

[4] *See, e.g., Puckett*, 556 U.S. at 141–42 ("The defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (*e.g.*, the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event . . . .").

[5] *See id.* at 142 ("Eliminating the third plain-error prong through semantics makes a

No. 13-11070

Instead, the proper inquiry is to consider how the error in this case, the offending order, affected the ultimate outcome, the length and terms of the sentence that Estrada Nava will serve. To do this, we must consider the effects of both the Northern District judgment appealed in this case and the effects of the action of the Western District. After the Northern District erroneously ordered its sentence to run consecutively with that of the Western District, there were three possible outcomes: (1) The Western District could have sentenced Estrada Nava to no additional term of imprisonment, which would not have altered the term of imprisonment because he would only serve the initial twenty-seven-months' imprisonment; (2) it could have ordered its sentence to run concurrently with the previous sentence, in which case the previous erroneous order would be given no effect, and he still would only serve the initial twenty-seven-months' imprisonment; or, (3) it could—as actually occurred—order its sentence to run consecutively with the previous sentence, in which case both sentences are identical, and the erroneous order is consistent with that of the proper district court. In no situation does the error alone affect the outcome of Estrada Nava's proceedings or his substantial rights.

The only way Estrada Nava can possibly prevail in meeting prong three is to recast his argument as follows: Because the erroneous order placed the second district court between Scylla and Charybdis by presenting the "choice of either ignoring his own judgment [that a concurrent sentence was appropriate] or disobeying the order of another district court,"[6] the error must have influenced the Western District into conforming to the previous ruling and thereby affected his substantial rights by increasing his actual sentence of

---

nullity of *Olano*'s instruction that a defendant normally must make a specific showing of prejudice in order to obtain relief." (internal quotation marks and citation omitted)).

[6] *Quintana-Gomez*, 521 F.3d at 498 (alteration in original) (quoting *United States v. Smith*, 472 F.3d 222, 227 (4th Cir. 2006)).

No. 13-11070

imprisonment by four months. If the error influenced the Western District in such a way as to order consecutive sentencing when it otherwise would have ordered concurrent sentencing, the error must have affected substantial rights.

Though this *might* be true, it is not by necessity true. It is equally possible that, in spite of the false dilemma presented, the Western District imposed consecutive sentences because it independently believed that consecutive sentences were appropriate. It is most likely that the Western District would have independently come to this conclusion in the present context where the second sentence involves the revocation of probation because the sentencing guidelines state that "[a]ny term of imprisonment imposed upon revocation of the probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). Although the guidelines do not compel such a result, this presumption increases the likelihood that the second district court would have independently ordered consecutive sentencing. As a result, Estrada Nava fails to meet prong three of plain-error review.

Because Estrada Nava has failed to meet prong three, we need not consider whether the forfeited error seriously affects the fairness, integrity, or public reputation of judicial proceedings. The judgment of sentence is AFFIRMED.