# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41318
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANGELES RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-13

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Angeles Ramirez was convicted of one count of conspiracy to possess with intent to distribute heroin and received a below-guidelines sentence of 30 months of imprisonment and a five-year term of supervised release. The term of imprisonment was imposed to run consecutive to any term of imprisonment subsequently imposed in a separate case from the Northern District of Texas. Ramirez was later sentenced in the Northern

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41318

District of Texas case to 78 months of imprisonment, to run consecutive to the 30-month sentence imposed in this case.

Ramirez argues that the district court did not have the authority to run her sentence consecutively to her not-yet-imposed sentence in the Northern District of Texas case.  She did not raise this issue at sentencing, and her untimely Federal Rule of Criminal Procedure 35 motion did not preserve error. *See United States v. Watkins*, 450 F.3d 184, 185 (5th Cir. 2006); Rule 35(a), (c).  Our review is therefore for plain error.  *See United States v. Quintana-Gomez*, 521 F.3d 495, 496 (5th Cir. 2008).  To demonstrate plain error, Ramirez must show a forfeited error that is clear or obvious and that affects her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

While Ramirez has demonstrated a forfeited error that is clear or obvious, *see Quintana-Gomez*, 521 F.3d at 498, she has not demonstrated that the error affected her substantial rights.  "Affecting substantial rights means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (internal quotation marks and footnote omitted).  As "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," 18 U.S.C. § 3584(a), it is equally possible that the Northern District of Texas sentence was imposed because that district court "independently believed that consecutive sentences were appropriate," *Nava*, 762 F.3d at 454.  Ramirez cannot demonstrate that the district court's decision in the instant case affected the outcome of the

No. 14-41318

Northern District of Texas proceeding, *id.* at 452, and has not shown plain error, *Puckett*, 556 U.S. at 135.

AFFIRMED.