# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO ENRIQUE ACUNA-RAMIREZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-973-1

Before JONES, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

As Pedro Enrique Acuna-Ramirez ("Acuna") did not preserve his objection to the district court's determination that his prior conviction qualified as an aggravated felony, his claim is subject to plain error review. *United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016) ("If an argument is raised for the first time on appeal, we review for plain error."). "Under plain-error review, this court may correct a forfeited error in its 'sound discretion' on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40452

a showing of (1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (citing *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Olano*, 113 S. Ct. 1770, 1776-78 (1993)). "Meeting all four prongs is difficult, as it should be," and Acuna fails to do so here. *Nava*, 762 F.3d at 452 (quoting *Puckett*, 129 S. Ct. at 1423 (internal quotation marks omitted)). As a result the district court's judgement is AFFIRMED.

Acuna pleaded guilty to illegal reentry after a prior removal. He, additionally, had a New Jersey aggravated manslaughter conviction prior to his removal. The conviction was used by the district court to justify a "crime of violence" enhancement to Acuna's sentence. At no point did Acuna object. Acuna now appeals the district court's determination that the New Jersey conviction was a crime of violence under 18 U.S.C. § 16 and, therefore, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

This court need not address all four prongs of plain error review, as failure on any one prong is failure to show reversible plain error.

1.    The legal error is not plain. Neither party in this case can identify any authority that determines whether New Jersey aggravated manslaughter qualifies as a crime of violence under 18 U.S.C. § 16. This court has previously held that the "lack of binding authority is often dispositive in the plain-error context[.]" *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (citing *Olano*, 113 S. Ct at 1777). There is certainly no binding authority on this question, and even were this court to accept Acuna's claim that *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001) and *United States v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002) suggest error, these cases are not directly on point and the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016) further highlights the lack of clear or obvious error. In

2

No. 16-40452

*Voisine*, the Supreme Court addressed whether a ban on firearms that applies to those with misdemeanor convictions for the "use . . . of physical force against a domestic relation . . . encompasses acts of force undertaken recklessly," and concluded that it did. *Voisine*, 136 S. Ct. at 2282. Similarly in the present case Acuna asks whether a conviction under a statute with a mens rea of recklessness meets the standard for a crime of violence—a substantial likelihood of the use of physical force during the offense. In the absence of binding precedent, or even clear analogous precedent, this court will not find plain error in this case.

2.      Even if Acuna could show plain error, he never argues that this affects fundamental fairness, the fourth prong of the test for plain error review. This court has previously rejected appeals because appellant failed "to argue that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Caravayo*, 809 F.3d 269, 273 (5th Cir. 2015). *See, also United States v. Rivera*, 784 F.3d 1012, 1018 n. 3 (5th Cir. 2015), *reh'g denied*, 797 F.3d 307 (5th Cir. 2015) ("We have also refused to correct plain errors when, as here, the complaining party makes no showing as to the fourth prong."). Acuna's case presents no justification to deviate from this precedent.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**