# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIO ESTRADA-MARTINEZ, also known as Gerardo Delarosa-Mendoza,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-832-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Mario Estrada-Martinez challenges his sentence, claiming the district court lacked the authority to order the sentence to run consecutive to two other pending federal sentences. As discussed *infra*, review is only for plain error.

In November 2009, Estrada pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). He was mistakenly removed from the United States later that month, while awaiting sentencing. In July 2017, Estrada was

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

arrested on state charges in Texas.  He was also charged in district court with a new illegal-reentry offense, and with violating the terms of his supervised release.

For the 2009 illegal-reentry offense, the district court sentenced Estrada to, *inter alia*, 125 months' imprisonment, and ordered the term of imprisonment to run consecutive to the not-yet-imposed sentences in the two pending federal proceedings.  Estrada did not object to the sentence.

Shortly after Estrada was sentenced in the instant case, a different district court sentenced Estrada in the two proceedings that were pending when Estrada was sentenced in this case.  Estrada was sentenced to, *inter alia*, 71-months' imprisonment for the new illegal-reentry conviction, to run partially-concurrent with, and partially-consecutive to, the sentence in the instant case, for a total sentence of no more than 150-months' imprisonment.  Estrada was also sentenced to, *inter alia*, 18-months' imprisonment on the revocation of his supervised release, to run consecutive to the sentence for his new illegal-reentry conviction, for a total sentence of 89-months' imprisonment.  Estrada did not appeal either judgment.

Because Estrada did not raise this consecutive-sentences issue in district court, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Estrada must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

A district court lacks the authority to order its sentence to run consecutive to a pending federal sentence.  *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008) (interpreting 18 U.S.C. § 3584).  Therefore,

No. 17-41227

the district court plainly erred in ordering the instant sentence to run consecutive to the two anticipated, but not-yet-imposed, federal sentences. *See United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014).

Nevertheless, as provided above, Estrada must show the error affected his substantial rights. To meet his burden, he must show "how the error in this case, the offending order, affected the ultimate outcome, the length and terms of the sentence that [he] will serve". *Id.* at 453. Estrada, however, has not shown the error affected his substantial rights because he does not explain how the error affected the second district court's sentencing decisions or the length and terms of his imprisonment; and, as our court explained in *Nava*, the error, standing alone, is insufficient to show an effect on substantial rights. *See id.*

AFFIRMED.