# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JOSUE EMMANUEL MARTINEZ,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:17-CR-545-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In 2018, Jose Martinez pleaded guilty of being a felon in possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11274

firearm (Count One), possession with intent to distribute a controlled substance (Count Two), and possession of a firearm in furtherance of a drug trafficking crime (Count Three).  At the time of his arrest in 2017, Martinez was on supervised release for a 2012 conviction of being a felon in possession of a firearm.

The district court held the sentencing hearing for the 2018 offenses on the same day as the revocation hearing.  The court sentenced Martinez to 84 months on Count One and Count Two, to run concurrently, and 60 months on Count Three, to run consecutively to Count One and Count Two, for a total of 144 months.  The court ordered the sentence to run concurrently with any sentences imposed in state court and consecutively to the revocation sentence.  Martinez subsequently pleaded true to violating the conditions of supervised release, and the court sentenced him to 15 months to run consecutively to the 144-month sentence.

For the first time on appeal, Martinez contends that the court plainly erred in ordering his 144-month sentence to run consecutively to a pending revocation sentence.  He relies on *United States v. Estrada-Martinez*, 740 F. App'x 85 (5th Cir. 2018), *United States v. Quintana-Gomez*, 521 F.3d 495 (5th Cir. 2008), and *United States v. Nava*, 762 F.3d 451 (5th Cir. 2014).

We review Martinez's argument for plain error only.  To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

This case is distinguishable from *Estrada-Martinez, Quintana-Gomez,*

2

No. 18-11274

and *Nava* because it involves two sentences imposed by the same judge on the same day. Even assuming, however, that the district court erred, Martinez cannot show that the error affected his substantial rights because immediately after the court imposed the 144-month sentence, it sentenced Martinez to 15 months on the revocation offense, and it ordered the revocation to run consecutively to the already imposed sentence. *See United States v. Baeza-Lozano*, 505 F. App'x 373, 375 (5th Cir. 2013). Accordingly, Martinez cannot make the required showing under the plain-error standard of review. *See Puckett*, 556 U.S. at 135.

AFFIRMED.