# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2022

Lyle W. Cayce
Clerk

No. 20-11266
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL CONTRERAS ZAMORA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-175-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Juan Manuel Contreras Zamora pleaded guilty of illegal reentry after deportation. He was sentenced to, *inter alia*, an above-Sentencing-Guidelines term of 60 months' imprisonment. The district court ordered that the sentence be served consecutively to any sentence imposed in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11266

Zamora's pending federal drug-trafficking-and-weapons case. Subsequently, Zamora was convicted and sentenced in that case with its much-longer sentence to be served concurrently with the sentence in this case.

Zamora asserts the court erred in: ordering his sentence of imprisonment to run consecutively to the then yet-to-be-imposed sentence in the federal drug-trafficking-and-weapons case; denying his motion to continue sentencing; and imposing a sentence that was substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Zamora did not object to the imposition of a consecutive sentence, review for that claim is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Zamora must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

No. 20-11266

As the Government concedes, it was a clear or obvious error to order that the sentence run consecutively to an anticipated, but not-yet-imposed, federal sentence. *See United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (explaining "order to run . . . sentence consecutively with the pending federal sentence is clear and obvious error under" plain-error review). As reflected *supra*, however, Zamora cannot show his substantial rights were affected because the court in the drug-trafficking-and-weapons case later imposed a sentence that is concurrent to the sentence in this illegal-reentry case. *See id.* at 452–53.

Relatedly, Zamora asserts the court erred in denying his motion to continue sentencing so that the two cases could be resolved at the same time. Denial of a continuance is reviewed for abuse of discretion. *United States v. Peden*, 891 F.2d 514, 519 (5th Cir. 1989). Because, as also reflected *supra*, Zamora cannot show he was prejudiced by this ruling, he cannot show an abuse of discretion. *See id.* at 519 (explaining "to prevail on [appeal of continuance-motion denial, defendant] must demonstrate that the district court abused its discretion and that he suffered prejudice" (citations omitted)).

Finally, Zamora asserts that the court's upward variance from the Guidelines sentencing range of 10-to-16-months was substantively unreasonable. Although Zamora contends his previous illegal-reentry conviction has been accounted for by recent amendments to Guideline § 2L1.2(b)(1)(A) (unlawfully entering or remaining in the United States), his recidivism was not the only reason for the court's upward variance. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008) (stating district court may consider factors incorporated by Guidelines in imposing non-Guidelines sentence). Nor has Zamora shown, as he contends, that his sentence creates an unwarranted disparity with the sentences imposed on similarly-situated defendants. Needless to say, due deference is given to the

3

No. 20-11266

court's decision that the statutory sentencing factors justify its variance in the light of the facts and circumstances of this case. *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (explaining, our court "consider[s] the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in [18 U.S.C. §] 3553(a) support the sentence" (citations omitted)); *Broussard*, 669 F.3d at 551 (noting our court gives "due deference to the district court's decisions that the § 3553(a) factors, on a whole, justify the extent of the variance" (citation omitted)).

AFFIRMED.