# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60155
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Cornelius Massey,

*Defendant—Appellant*,

consolidated with

———————

No. 25-60159

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Cornelius Javon Massey,

*Defendant—Appellant*.

25-60155
c/w No. 25-60159

---

Appeals from the United States District Court
for the Southern District of Mississippi
USDC Nos. 1:18-CR-69-1, 1:22-CR-23-1

---

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Cornelius Javon Massey appeals the revocations of his concurrent terms of supervised release and the consecutive prison sentences imposed upon revocation. While he contends that 18 U.S.C. § 3583(g) is unconstitutional because it requires mandatory revocation and the imposition of a term of imprisonment, he correctly concedes that the issue is foreclosed by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and raises it to preserve it for further review.

Although Massey complains that his revocation sentences violate the prohibition on double jeopardy, it is well-settled that double jeopardy does not apply to revocation proceedings. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981). Accordingly, the district courts did not err, plain or otherwise, by revoking Massey's terms of supervised release and imposing consecutive revocation sentences based on the same conduct.

Massey next challenges the order running his sentence consecutively to his yet-to-be-imposed sentence. Because he did not raise this objection in the district court, review is for plain error. *See United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). To prevail on plain error review, Massey must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

The first district court's order to run Massey's federal revocation sentence consecutively to his anticipated yet-to-be-imposed federal revocation sentence is clear or obvious error. *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008). Massey, however, has not shown the error affected his substantial rights as the record does not demonstrate that the second district court would have imposed a concurrent sentence but for the erroneous stacking order. *See United States v. Nava*, 762 F.3d 451, 453 (5th Cir. 2014).

Finally, Massey challenges the substantive reasonableness of his revocation sentences. Relevant here, one of the ways a revocation sentence can be substantively unreasonable is if it "gives significant weight to an irrelevant or improper factor." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted). When imposing revocation sentences, district courts may not consider the factors in 18 U.S.C. § 3553(a)(2)(A), including the need for the sentence to reflect the seriousness of the offense. 18 U.S.C. § 3583(e); *Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025). A court's consideration of an improper factor, however, does not automatically require reversal. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015). Instead, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *Id.*

The district court expressly stated that it was not considering the need to promote respect for the law. Though the court referenced the seriousness

of the offense, the court based the sentence primarily on Massey's pattern of criminal conduct, his continuing to engage in behavior involving firearms and ammunition, and his continuing to be involved with people having a history of criminality. Taken in context, the district court's comments show that any reliance on the seriousness of the violation was not a dominant factor but was, at most, secondary to or an additional justification for the sentence. *See Rivera*, 784 F.3d at 1017.

Another way a revocation sentence can be substantively unreasonable is if it "represents a clear error of judgment in balancing the sentencing factors." *Warren*, 720 F.3d at 332. The record in this case reflects that the district court undertook an individualized assessment of the facts and decided that a sentence of above the recommended sentencing range, but within the statutory maximum sentence, was proper to satisfy the sentencing goals of § 3553(a). Insofar as Massey asserts that a guidelines sentence or concurrent statutory maximum sentences would have been appropriate, his arguments amount to nothing more than a disagreement with the district court's balancing of the applicable § 3553(a) factors, which we will not reweigh. *See id.* In light of the foregoing, Massey accordingly fails to show that his revocation sentences are plainly unreasonable. *See id.*

AFFIRMED.