# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-50717

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Angel Alejandro Pena,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-249-1

———————————————————————

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:[*]

Appellant Angel Alejandro Pena asserts the invalidity of his appeal waiver from his plea agreement in order to challenge the constitutionality of his conviction under 18 U.S.C. § 922(n). Because his appeal waiver is indeed valid, we DISMISS Pena's appeal and decline to reach his Second Amendment challenge of his statute of conviction.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50717

## BACKGROUND

Pena organized the smuggling of illegal immigrants and used his vehicle as a means of transport.  After engaging in a high-speed chase with law enforcement, Pena was arrested and indicted by a state grand jury for evading arrest in a vehicle.  Pena failed to appear for his arraignment, and an arrest warrant was issued.  Six months later, officers arrested Pena after a bar fight during which Pena brandished a pistol.  Pena was later indicted by a federal grand jury for conspiring to transport illegally present aliens.  Pena again attempted to evade arrest while actively smuggling illegal immigrants into the United States.  After he was arrested and his vehicle was searched, Pena admitted that he had a pistol at his home.  Officers searched Pena's home and found a round of .45-caliber ammunition along with a handgun, a 50-round magazine, other ammunition, and a factory grip matching the pistol brandished during the bar fight.

The government charged Pena with two counts under 18 U.S.C. § 922(n)[1] based on the bar fight pistol and the round of ammunition, respectively.  Pena moved to dismiss the indictment, arguing that § 922(n) violated the Second Amendment, both facially and as applied to him.  The district court denied Pena's motion.

Pena and the government entered into a plea agreement: Pena pled guilty to count two (the ammunition) and the government dismissed count one (the pistol).  The plea agreement provided that Pena "voluntarily and knowingly waives the right to appeal the conviction or sentence on any

---

[1] "It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  18 U.S.C. § 922(n).

ground, including any challenge to the constitutionality of the statute of conviction." The government also agreed to "not oppose [Pena's] receiving the maximum applicable downward adjustment for acceptance of responsibility under guidelines section 3E1.1, so long as [Pena], prior to sentencing, refrains from engaging in any conduct that may demonstrate a lack of acceptance of responsibility."

Pena pled guilty at his rearraignment. Pena testified that he "read the indictment and discuss[ed] with [his] attorney the charge to which [he] [pled] guilty." Pena testified that he understood the charges against him and was fully satisfied with his attorney's representation. Pena testified that he "read the written plea agreement," "discuss[ed] it with [his] lawyer before [he] signed it," "underst[ood] the terms of the plea agreement," and "agree[d] to those terms." When discussing sentencing for all defendants, the magistrate judge confirmed that Pena gave up the right to appeal his sentence in his plea agreement. Pena agreed. Finally, Pena testified that there was nothing discussed during the proceeding that he did not understand.

Probation prepared a Presentence Investigation Report ("PSR") which stated that the downward adjustment for acceptance of responsibility is not warranted because Pena failed to withdraw from criminal conduct per the Sentencing Guidelines, citing five incidents of misbehavior. Pena objected, requesting that the PSR be revised to reflect that all cited incidents occurred prior to Pena's guilty plea. Probation complied.

The district court sentenced Pena to 37 months of imprisonment and three years of supervised release. At the sentencing hearing, Pena's counsel sought to clarify Pena's rights on appeal. At two points during the hearing, the district court incorrectly advised Pena that he is "not foreclosed from challenging the constitutionality of the 922(n) charge." Pena's counsel

indicated an intent to file a notice of appeal on this basis. The government did not object.

Pena reasserted his acceptance-of-responsibility objection at sentencing. Pena challenged the consideration of misconduct that occurred prior to Pena's guilty plea. The district court rejected this argument, reasoning that the governing Guidelines provision does not have a time restriction and seems to consider misconduct from the time that the defendant is charged.

Pena timely appealed. The government filed a motion to dismiss pursuant to the appeal waiver in Pena's plea agreement.

## DISCUSSION

In his attempt to escape his appeal waiver, Pena argues that it is (1) invalid because it was not made knowingly, (2) tainted by ineffective assistance of counsel, and (3) unenforceable due to the government's breach of his plea agreement. Lastly, Pena argues that 18 U.S.C. § 922(n) is unconstitutional under the Second Amendment as applied to him. Because we hold that Pena's appeal waiver was knowing and voluntary, we decline to reach the constitutional issue.

## I.    Appeal Waiver

This court reviews *de novo* whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

The court conducts a two-step inquiry when determining the validity of an appeal waiver. *Id.* "Specifically, this court considers whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *Id.*

"A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." *Id.* For an appeal waiver

to be enforceable, a defendant must know he had a right to appeal and was giving up that right. *Id.* (citing *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994)). "A waiver is both knowing and voluntary if the defendant indicates that he read and understood the agreement and the agreement contains an 'explicit, unambiguous waiver of appeal.'" *Id.* (quoting *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005)).

Pena argues that he did not knowingly waive his right to bring a Second Amendment challenge on appeal based on the magistrate judge's plea colloquy at rearraignment and the district court's comments at sentencing.[2] The written appeal waiver stated that Pena "knowingly and voluntarily" waived the right to appeal his conviction or sentence on any ground. It specifically identified a constitutional challenge to his statute of conviction as waived. At the end of the plea agreement, Pena signed under a provision affirming that Pena reviewed the agreement, discussed it with his attorney, understood his rights, and agreed to the terms. At Pena's rearraignment, Pena affirmed that he read, discussed, understood, and agreed to the terms of his plea agreement. Pena also affirmed that there was nothing discussed that he did not understand and raised no question about the appeal waiver.

Pena argues that the magistrate judge mischaracterized the terms of the plea agreement by only mentioning the right to appeal his *sentence*, not his conviction, and never confirmed Pena's understanding of his right to appeal his conviction. However, the magistrate judge made this statement while specifically addressing sentencing and therefore understandably limited his comments to sentencing. Also, judges are not required to "specifically admonish[] [the defendant] concerning the waiver of appeal" for the defendant's right to appeal to be waived knowingly. *Portillo*, 18 F.3d at 293;

_____

[2] Pena does not dispute that his right to appeal was waived voluntarily.

*see also United States v. Higgins*, 739 F.3d 733, 736–37 (5th Cir. 2014) ("We will, however, enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver."). Because "the record of the [rearraignment] clearly indicates that [Pena] read and underst[ood] his plea agreement" and "he raised no question" regarding the appeal waiver provision, Pena "will be held to the bargain to which he agreed." *Portillo*, 18 F.3d at 293.

Pena also argues that the exchange between the district court and his counsel at sentencing, to which the government did not object, indicates that his right to appeal was not waived knowingly. Although the district court wrongly advised Pena of his right to appeal, this does not invalidate Pena's waiver. In *United States v. Melancon*, the district court wrongly informed the defendant that he had the right to appeal his conviction and sentence at the sentencing hearing. 972 F.2d 566, 568 (5th Cir. 1992). The court held that the defendant's appeal waiver was still knowing and voluntary, reasoning that the district court's statements were made months prior to the plea agreement and therefore did not influence the defendant's decision to plead guilty. *Id.* The court also did not consider the government's failure to correct the district court's mistake at sentencing as fatal to the validity of the waiver. *Id.* So too here, the district court's mistake does not invalidate Pena's waiver. *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001) ("[A]ny confusion at [sentencing] has no effect on the validity of the waiver.").

## II.    Ineffective Assistance of Counsel ("IAC")

IAC acts as an exception to an appeal waiver because "[a] defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by [IAC]." *United States v. Kelly*, 915 F.3d 344, 351 (5th Cir. 2019) (second alteration in original). Pena seeks to invoke this exception.

The government argues that Pena has waived this issue on appeal or in the alternative, the issue is not ripe for review.  We agree.

"Any issue not raised in an appellant's opening brief is deemed waived." *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005).  Pena did not assert IAC until his response to the government's motion to dismiss, which was submitted after Pena's opening brief.  Therefore, his IAC argument is waived.  Even if Pena had properly raised IAC in his opening brief, "[t]he general rule in this circuit is that a claim of [IAC] cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *Kelly*, 915 F.3d at 351 (alterations in original).  Only on "rare occasions" when the record is "sufficiently developed" will the court consider IAC claims on direct appeal.  *Id.*  A claim is not ripe when "the district court did not hold a hearing and the record does not provide sufficient detail about trial counsel's conduct and motivations to allow this court to make a fair evaluation of the merits." *Id.* at 352.  Pena did not raise IAC before the district court, and Pena fails to show that his case presents the rare circumstance necessitating departure from our normal practice.

## III.    Breach of Plea Agreement

Pena argues, for the first time on appeal, that the government breached the plea agreement by objecting to the acceptance-of-responsibility adjustment.  Because Pena did not raise this objection below, we review for plain error.  *See United States v. Kirkland*, 851 F.3d 499, 502–03 (5th Cir. 2017).

To succeed under plain-error review, a party must show "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Kelley*, 40 F.4th 276, 282 (5th Cir. 2022)

(quoting *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014)). "Satisfying each requirement is difficult." *Id.*

Pena cannot demonstrate "clear or obvious error." The government agreed not to oppose a downward adjustment "so long as [Pena], prior to sentencing, refrains from engaging in any conduct that may demonstrate a lack of acceptance of responsibility." The government argues that Pena did not refrain from such conduct, giving it grounds to oppose. Pena argues that the government wrongfully considered misconduct prior to his guilty plea. As evidenced by the parties' arguments, this issue is, at minimum, "subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). The plea agreement refers to conduct "prior to sentencing," not prior to a plea of guilt. The U.S. Sentencing Guidelines section incorporated by the plea agreement provision does not contemplate Pena's suggested restriction on this conduct. U.S.S.G. § 3E1.1. The Guidelines do, however, note that the sentencing judge is uniquely positioned to evaluate a defendant's acceptance of responsibility and is therefore entitled to "great deference." *Id.* § 3E1.1 cmt. n.5. Pena fails to meet the burden of plain-error review.

Because Pena's appeal waiver stands, we GRANT the government's motion and DISMISS this appeal.